SEEGER v. VILLAGE OF HART.

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — SIDEWALKS — STEPS OUT OF REPAIR.

It was error to direct a verdict for the defendant village against a plaintiff who, while descending steps in a walk, caught her foot in a defective place in the step and was injured; the evidence showing that the walk had been condemned more than two months previously and that the boards of which the steps were made were badly rotted and would not hold nails.

2. SAME—QUESTIONS OF FACT AND LAW.

> Whether the condition of the walk was negligence, and
> whether the authorities were negligent in not discovering
> the defect, were questions of fact.

Error to Oceana; Sessions, J.  Submitted October 19,
1909.  ( Docket No. 116.)  Decided March 5, 1910.

Case by Bina Seeger against the village of Hart for
personal injuries.  A judgment for defendant on a ver-
dict directed by the court is reviewed by plaintiff on writ
of error.  Reversed.

*Rufus F. Skeels,* for appellant.

*C. B. Stevens,* for appellee.

MONTGOMERY, C. J.  This is an action for negligent
injury.  The plaintiff complains that while traveling along
the street in the defendant village, and while descending
some steps which formed a part of the sidewalk on the
street, she caught her foot in a defective place in a step,
and was thrown down and injured.  The defect com-
plained of consisted of a place in the walk in which there
were three wooden steps made of two-inch stuff which
had become in places decayed.  One-inch boards had been
nailed over these decayed portions.  These inch boards
did not reach back to the riser.  The result was that a
space was left between the riser and the board so nailed
over the top of the step.  As the walk became old, it be-
came shattered, the riser on the step where the plaintiff
was injured became rotten, and the nail holes rotted out
so that the riser was loose and would spring back, and
the underboard of the step was badly worn and unsound.
There was testimony offered tending to show that this
condition had been observed some months prior to the in-
jury.  The walk was in such condition that it was con-
demned by the village authorities on July 20, 1908, the
accident having occurred on the 10th of October, 1908.
The court directed a verdict for the defendant of no cause

of action, on the ground that there was not such a defect as to constitute negligence on the part of the defendant in not repairing the walk, and that there was nothing to justify a finding that the step was not in reasonably safe and fit condition for travel. This holding presents the only question which need be considered in the case.

The case is very near the border line. No precise precedent can be cited either opposed to or in affirmance of the court's ruling. The fact that the walk at this place was in a defective condition is undoubted, and that measures had been taken to put it in condition by the nailing of this one-inch board on the defective board beneath appears. We are of the opinion that it ought not to be said, as a matter of law, with knowledge of this defect in the step and the rotted condition of the riser, that it was not the duty of the authorities to see to it that no such trap as would result in the giving way of this riser and letting the foot of a pedestrian down between the riser and the board should occur. Let it be understood that we do not affirm this as negligence. We are, upon full consideration, inclined to think that it is a question for the jury as to whether it was or was not negligence—a question of fact—and the question of whether the authorities were negligent in not discovering this defective condition is likewise a question for the jury.

The judgment will be reversed, and a new trial ordered.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.